IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| OCTAVIOUS WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-2181 |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This is a prisoner's rights case. Octavious Walton filed his Complaint pursuant to 42 U.S.C. § 1983, alleging Constitutional claims against West Tennessee State Penitentiary ("WTSP") officers and the Tennessee Department of Correction ("TDOC.") (ECF No. 1.) WTSP Warden Johnny Fitz is the only remaining Defendant. (ECF No. 15.) Walton alleges that Fitz ordered officers to assault Walton, in violation of the Eighth Amendment. (ECF No. 1.) Before the Court is Fitz's Motion for Summary Judgment (the "Motion.") (ECF No. 58.) Walton has not responded to the Motion. For the following reasons, the Motion is GRANTED.

**I.  Background**

The following facts are undisputed.[1]

On March 16, 2017, Walton, who is presently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed his Complaint, alleging claims against TDOC, Fitz, and several other individual Defendants.  (ECF No. 1.)  On June 17, 2019, the Court screened Walton's Complaint and dismissed all claims except the Eighth Amendment excessive force claim against Fitz.  (ECF No. 15.)

Walton alleges that on or about February 2, 2017, Fitz ordered correctional officers to assault Walton because Walton spat on Fitz. (ECF No. 1.)  The same day, Walton received medical treatment for his mental health.  (ECF No. 58-1.)  Walton did not receive treatment for any physical injuries.  (Id.)  He received more mental health treatment roughly a week later but did not report any physical injuries.  (Id.)

Walton filed a grievance with TDOC about the alleged assault.  (Id.)  TDOC policy requires prisoners to file one grievance at a time.  (Id.)  When Walton filed the grievance

---

[1] Walton has not responded to Fitz's Motion.  "When a nonmoving party fails to respond to a summary judgment motion in the time frame set by the local rules, district courts in the Sixth Circuit have largely consider[ed] the [moving party's] statement of material facts to be undisputed for purposes of the instant motion of summary judgment."  Jones v. City of Franklin, 677 F. App'x 279, 285 (6th Cir. 2017).

about the assault, he had other grievances pending review. (Id.) Walton's grievance about the assault was rejected for noncompliance with TDOC policy. (Id.) Under TDOC policy, Walton could appeal the decision within five days, but Walton did not appeal.

On April 28, 2022, Fitz filed the Motion. (ECF No. 58.) The deadline for Walton to respond to the Motion was May 26, 2022. See LR 56.1(b). Walton has not responded.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Viet v. Le, 951 F.3d 818, 823 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a

3

reasonable jury could return a verdict for [him].'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 915 (6th Cir. 2009)). The nonmoving party "must show that there is more than 'some metaphysical doubt as to the material facts.'" Goodman v. J.P. Morgan Inv. Mgmt., Inc., 954 F.3d 852, 859 (6th Cir. 2020) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. Celotex Corp., 477 U.S. at 324. Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. See Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." Wimbush v. Wyeth, 619 F.3d 632, 636 (6th Cir. 2010).

**III. Analysis**

Fitz argues for summary judgment because Walton did not exhaust his administrative remedies and Walton did not suffer an Eighth Amendment violation. (ECF No. 58.) The Prison Litigation

4

Reform Act (the "PLRA") requires a prisoner to exhaust his administrative remedies before filing suit under § 1983. 42 U.S.C. § 1997e(a); see Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). To properly exhaust a claim under the PLRA, a plaintiff must comply with prison grievance procedures. Bock, 549 U.S. at 922-23 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The prison's requirements, not the PLRA, define the boundaries of exhaustion. Id. at 923. Proper exhaustion of administrative remedies means taking all steps that the agency requires. Woodford, 548 U.S. at 91 (internal citations omitted).

It is undisputed that Walton filed a grievance about the alleged assault and that the grievance was denied for failure to comply with TDOC policy. Prisoners who wish to appeal must do so within five days of receiving a response. Walton never appealed or refiled his grievance. By failing to appeal the grievance, Walton failed to exhaust his administrative remedies under the PLRA.

Even if Walton had exhausted his administrative remedies, his Eighth Amendment claim would fail on the merits. The Eighth Amendment prohibits prison officials from using excessive physical force against prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). An excessive force claim under the Eighth

Amendment must show something more than de minimis force.  Leary v. Livingston Cnty., 528 F.3d 438, 443 (6th Cir. 2008) (citing Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)).

In his Complaint, Walton alleges that he was assaulted at Fitz's direction on February 2, 2017.  Later that day, Walton received medical treatment for his mental health needs.  Walton did not receive treatment for any physical injuries.  A week later, Walton received more mental health treatment but did not report any physical injuries.  Fitz denies that he ordered Walton to be assaulted.  Walton has put forth no concrete evidence to suggest that even de minimis force was used against him.

Walton has not exhausted his administrative remedies under the PLRA and has not put forth any evidence to support his excessive force claim.  Fitz's Motion is GRANTED.

**IV. Conclusion**

For the foregoing reasons, Fitz's Motion is GRANTED.

So ordered this 2d day of June, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE